UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN ALCARAZ GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>LAURA HERMOSILLO, et al.,<br><br>    Respondents. | Case No. 2:26-cv-00281-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Adrian Alcaraz Garcia entered the United States without inspection in 2003, was arrested by immigration officers on December 29, 2025, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 58–59. On January 28, 2026, he voluntarily withdrew a request for a bond redetermination from an Immigration Judge. Dkt. 5-1. There is no indication that he has had any further bond proceedings, as Respondents have determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 1 ¶¶ 37–46, 70–71; Dkt. 5 at 2.

On January 24, Alcaraz Garcia filed a petition for writ of habeas corpus, arguing that his mandatory detention under § 1225(b)(2) violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1

¶¶ 27–46, 69–71. On February 9, Federal Respondents filed a return to the habeas petition. Dkt. 5. Alcaraz Garcia filed a traverse the next day. Dkt. 6.

The habeas petition is now ripe for the Court's review. For the following reasons, the Court GRANTS the petition for writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

**A.  Alcaraz Garcia is entitled to habeas relief under *Rodriguez Vazquez v. Bostock*.**

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Alcaraz Garcia argues that § 1225(b)(2) does not apply to him because he entered the United States without inspection, was not apprehended on arrival, and resided in the United States for years prior to his detention. Dkt. 1 ¶¶ 58–63, 69–71. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Alcaraz Garcia is a member of the Bond Denial Class for purposes of this matter. Dkt. 5 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Alcaraz Garcia is subject to discretionary detention under 8 U.S.C. § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Alcaraz Garcia has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

**B.    The Court declines to order Alcaraz Garcia's immediate release.**

Federal Respondents argue that if the Court grants Alcaraz Garcia's habeas petition, the appropriate relief is to order that he be provided a bond hearing under § 1226(a). Dkt. 5 at 3. Alcaraz Garcia argues that due process requires his immediate release because he has been unlawfully subject to mandatory detention under § 1225(b)(2). Dkt. 6 at 4–6. The Court concludes that a bond hearing is the appropriate relief at this time.

"In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to

ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

Alcaraz Garcia's request for release is premature. Section 1226 requires only consideration of release on bond, and a bond hearing will therefore both correct Respondents' unlawful application of § 1225(b)(2) to this Petitioner and cure any due process violation arising from the application of that incorrect statutory framework. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Alcaraz Garcia may seek further relief from the Court at that time.

### C.    Alcaraz Garcia must inform the Court if he wishes to continue pursuing claims for declaratory judgment.

Though styled as a petition for writ of habeas corpus, Alcaraz Garcia's petition also invokes this Court's general federal question jurisdiction and the Declaratory Judgment Act. Dkt. 1 ¶¶ 13–14. In his prayer for relief, Alcaraz Garcia requests that the Court "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." *Id.* at 19. The Court has determined that Alcaraz Garcia is entitled to habeas relief based on his membership in the *Rodriguez Vazquez* Bond Denial Class. But his prayer for relief also seeks a declaratory judgment "that petitioner's stop and arrest without reasonable suspicion . . . violates applicable regulations, the [Administrative Procedure Act], the INA, and the Fourth and Fifth Amendments to the Constitution of the United States." *Id.*

Federal Respondents have not addressed whether Alcaraz Garcia may pursue the declaratory relief he seeks under the Court's general federal question jurisdiction. Dkt. 5; *see Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (holding that "action for declaratory and injunctive relief" that accompanied habeas petition "independently provided the district court

jurisdiction to hear Plaintiffs' challenges and authority to grant the types of relief that Plaintiffs sought"). It is also unclear whether Alcaraz Garcia intends to continue pursuing these general civil claims after his release from custody. The parties are therefore directed to meet and confer to discuss whether these claims remain after Alcaraz Garcia's release on bond and, if they do, propose a deadline for Alcaraz Garcia to amend his complaint and Respondents to answer.

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Adrian Alcaraz Garcia's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. The parties are directed to meet and confer regarding whether Petitioner intends to pursue his claims for declaratory judgment following his release on bond. The parties shall file a joint status report no later than March 5, 2026.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 19th day of February, 2026.

Tiffany M. Cartwright
United States District Judge